. No. 7,660.   Department One.—June 17, 1884.]

# D. A. LEARNED, APPELLANT. *v.* J. H. TANGEMAN
## ET AL., RESPONDENTS,

RIPARIAN RIGHTS—DIVERSION OF WATER—IRRIGATION—INSTRUCTIONS.—In an action by one riparian proprietor against another for unlawfully appropriating the waters of a stream for the purpose of irrigation, an instruction to the jury that they should find for the defendant, if they believed that he had *used no more water than was necessary for that purpose,* is erroneous, for by it the jury is in effect told that the defendant was entitled to divert and use *all* of the water, if necessary for the irrigation of his lands, without regard to the necessities of the plaintiff.

APPEAL from a judgment of the late District Court of the Fifth Judicial District, and from an order of the Superior Court of San Joaquin County refusing a new trial.

The plaintiff and defendants were riparian proprietors. The defendants owned lands above the lands of the plaintiff, and constructed a dam across the stream to divert the water for the

purpose of irrigation, and plaintiff brought this action for damages sustained by reason of an unlawful appropriation of the whole of the water to the entire exclusion of the plaintiff. The remaining facts appear in the opinion.

*J. H. Budd*, and *S. L. Carter*, for Appellant.

The only authorities, so far as we have been able to find any, which support the proposition embraced in these instructions, (5th and 6th) that an upper riparian land owner has the right, as against a lower riparian land owner, to use *all* the waters of a stream for the necessary irrigation of his land, if used in a *proper manner*, are the cases of *Perkins* v. *Dow*, 1 Root, 535; *Hayward* v. *Mason*, 2 Swift, Syst. 87; *Weston* v. *Alden*, 8 Mass. 136.

These cases are ably criticised by Angell in his work on Water Courses, 7th edition, sections 122, *et seq.*, and they are admitted to be contrary to the rule at common law.

The following cases hold that the use of the water by an upper riparian owner, as against one owning land lower down on the stream, must be *reasonable in the quantity used, as well as in the manner of the use*: *Elliott* v. *F. R. R. Co.* 10 Cush. 194; *Ferrea* v. *Knipe*, 28 Cal. 343; *Davis* v. *Getchell*, 50 Me. 604; *Flemming* v. *Davis*, 37 Tex. 173; *Dilling* v. *Murray*, 6 Ind. 324; *Newhall* v. *Ireson*, 8 Cush. 595; Wood's Law of Nuisances, 2d ed. § 373; *Blanchard* v. *Baker*, 8 Greenl. 253; *Gillett* v. *Johnson*, 30 Conn. 183; *Stein* v. *Burden*, 29 Ala. 127; *Miller* v. *Miller*, 9 Pa. St. 74; *Holden* v. *Lake Co.* 53 N. H. 552.

*J. C. Campbell*, and *F. T. Baldwin*, for Respondents.

Being riparian proprietors, the defendants were entitled to use the water in a *reasonable* manner for irrigating their respective lands. This is admitted to be the law by appellant in his brief, and has been placed beyond controversy by a long line of decisions and authorities, such as Angell on Water Courses, § 122; Goddard on Easements, p. 301; *Perkins* v. *Dow*, 1 Root, 535; Wood on Nuisance, p. 319.

The question of reasonable use is a question of fact for the jury. (*Ferrea* v. *Knipe*, 28 Cal. 343; *Springfield* v. *Harris*, 4 Allen, 496; *Heath* v. *Williams*, 43 Am. Dec. 269, n.)

This being a question of fact for the jury, their verdict is conclusive upon that point.

It was not error for the court to give the sixth instruction. (*Perkins* v. *Dow*, 1 Root, 535; *Hayward* v. *Mason*, 2 Swift, Syst. 87; *Weston* v. *Alden*, 8 Mass. 136; and authorities heretofore cited.)

The COURT. — This is a water contest between two riparian proprietors. The court below instructed the jury that if they believed from the evidence that the defendants were riparian proprietors, and used the waters of the stream for the purpose of irrigating their lands, *and used no more than was necessary for that purpose*, and returned the surplus water after such use into the channel, then they should return a verdict for the defendants. This was error, for by it the jury was in effect told that the defendants were entitled to divert and use *all* of the water of the stream, if necessary for the irrigation of their lands, without regard to the wants or necessities of the other riparian proprietor.

Judgment and order reversed and cause remanded for a new trial.